GULOTTA, Judge.
This matter involves a question of quantum. The trial judge awarded plaintiff, John R. Jones, $750.00 for injuries received as a result of an automobile accident. A further award was made to Simon A. Haydel in the sum of $500.00 for injuries received growing out of the same accident. On appeal, plaintiffs seek an increase. We affirm.
The facts are that on October 3, 1966, a New Orleans Public Service, Inc. bus, while negotiating a turn from Elk Place onto Canal Street, scraped the left rear of *409 a police vehicle which was parked near the corner. The plaintiffs were patrolmen, occupants of the car. The speed of the bus upon collision has been estimated at from one to ten miles an hour.[1] The only vehicle damage was $49.92 to the police car.
The following injuries were sustained by the plaintiffs. Jones, on the morning following the accident, experienced pain and stiffness in the muscles of the neck and pain in the lower back radiating into the right hip and into the foot. He saw Dr. Jack Castrogiovanni who referred him to Dr. G. R. Cary. Jones was examined by Dr. Cary on October 5, 1966. It was his opinion that this plaintiff received a moderate to severe posterior cervical muscle and ligamentous strain in the musculature. It was Dr. Cary’s opinion further that Jones had received minor musculature strain in the lower lumbar segments (lower back). Plaintiff sought to show pain in the back resulted from the aggravation of a preexisting condition of the lumbar spine for which he had undergone surgery in January, 1964. However, it was Dr. Cary’s opinion that the injury caused no such aggravation. In his report, Dr. Cary stated that,
“ * * * the accident had not accentuated or aggravated the pre-existing condition in the lumbar spine for which the patient had surgery in January, 1964.”
He anticipated the duration of Jones’ pain to be approximately six weeks. His recommendation was conservative therapy consisting of heat treatment, and medication for discomfort. Examination by Dr. Cary on December 1 revealed only subjective findings of discomfort for which pain relievers and exercise were prescribed. Because of continued complaint of discomfort in the lower back and a “popping sensation” with discomfort, a lumbo-sacral support was prescribed on December 16, 1966. Further examination on January 20, 1967, showed subjective findings resulting in prescribed analgesics for discomfort and warm tub baths. On January 27, 1967, Jones was referred by Dr. Cary to Dr. Richard Levy for a neurosurgical evaluation. Subsequent visits on February 10 and 24 indicated subjective complaints of discomfort for which diathermy therapy was prescribed. The neurological examination by Dr. Levy disclosed “no objective mechanical lower back signs; and no evidence of nerve root completion in either lower extremity.” He attributed no disability to the automobile accident.
Simon A. Haydel was seen by Dr. Cas-trogiovanni on October S, 1966. Haydel’s complaints consisted of a severe headache, pain and stiffness in the neck, and low back pain. Haydel was also seen by Dr. Cary on October 5, 1966. It was his opinion that this plaintiff received a sprain to the right cervical musculature and liga-mentous structures and the right trapezius (shoulder) musculature. Haydel also suffered, according to Dr. Cary’s report, a contusion of the right hand with resulting swelling and ecchymosis. Subjective discomfort in the lower spine was noted, which Dr. Cary concluded was a minor strain of the lumbar paravertebral musculature. Mild medication and heat treatment was prescribed. While plaintiffs underwent complete medical examination, the reports were substantially negative except for subjective findings of muscle strain.
No medical expenses were incurred by either plaintiff. According to their testimony, these expenses were paid by the New Orleans Police Department. Nor was there any actual loss of pay.[2] Jones claims his injuries caused him to miss approximately 40 days of work. However, he lost no compensation. Haydel had no loss of work.
*410 The trial judge was apparently impressed by the minor nature of the accident. He obviously did not place a great deal of credence in the complaints of pain by Jones over an extended period of time.
Assessing the credibility of witnesses rests within the province of the trial judge and will not be disturbed absent manifest error or abuse of discretion. Were we determining the amount of the award at the trial level, we may arrive at a greater amount. Nevertheless, we cannot conclude, from our evaluation of the medical evidence in the record, that the trial judge abused his broad discretion. Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
Accordingly, the judgment is affirmed.
Affirmed.

. The police report indicated the speed of the bus to be one mile per hour. Estimates of Jones and Haydel are from five to ten miles per hour.

. Jones had accumulated sick leave, and this was used by him.